IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER L. SEAMSTER,

    Petitioner,               No. 2:12-cv-1437 CKD P

    vs.

RON BARNES,                      ORDER AND

    Respondent.          FINDINGS AND RECOMMENDATIONS

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. In 2008, petitioner pled "no contest" in the Superior Court of Sacramento County to voluntary manslaughter and possession of a sawed-off shotgun. Shortly thereafter, he was sentenced to sixteen years, eight months imprisonment. He challenges his plea and sentence. Respondent has filed a motion to dismiss.

1. Failure To Exhaust

        The parties agree that petitioner has failed to exhaust state court remedies with respect to the first claim identified in petitioner's application. Because exhaustion of state court remedies is a prerequisite to granting habeas relief, 28 U.S.C. § 2254(b)(1), the court cannot grant petitioner relief on his first claim. Therefore, that claim must be dismissed.

/////

2. <u>Statute Of Limitations</u>

Respondent argues that the other three claims identified in petitioner's habeas application are time-barred. Title 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was sentenced on May 28, 2008. He did not appeal, so for purposes of § 2244(d)(1)(A), petitioner's convictions and sentences became final on July 27, 2008 after the 60 day period within which to file an appeal expired. <u>See</u> Cal. Rules of Court 8.308. This action was not commenced by petitioner until May 24, 2012.[1]

Statutory tolling suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. 2244(d)(2). Statutory tolling does not apply here because petitioner did not file any state post-conviction collateral challenges to his conviction or sentence until after the limitations period expired on July 27, 2009.

---

[1] Documents filed by prisoners are deemed filed when they are submitted to prison officials for mailing. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988). The proof of service attached to petitioner's habeas application indicates he submitted it to officials for mailing on May 24, 2012.

2

In opposition to respondent's argument that this action is time-barred, petitioner asserts that an impediment created by the state prevented petitioner from filing his habeas petition on time, and, that being the case, petitioner is "relieve[d] . . . of his untimeliness."[2] Opp'n at 2. The court construes this as an argument in favor of equitable tolling.

The statute of limitations may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Petitioner must show that the "extraordinary circumstance" was the cause of the untimeliness, see Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003), and that the "extraordinary circumstance" was beyond his control. Shannon v. Newland, 410 F.3d 1083, 1089-90 (9th Cir. 2005). "[T]he threshold necessary to trigger equitable tolling . . . is very high,

---

[2] With this statement, petitioner at least suggests the limitations period applicable to this action did not begin to run until November 14, 2010, pursuant to § 2244(d)(1)(B), because it was not until then that he was granted adequate access to his prison's law library so that he could present some of the claims presented in this action to the Superior Court of Sacramento County. Opp'n at 2.
As the Supreme Court explained in Lewis v. Casey, 518 U.S. 343, 351 (1996), petitioner does not have "an abstract, free standing [Constitutional] right to a law library or legal assistance." What he does have is Constitutional right of access to courts. Id. at 350. Of course, if a denial of access to a law library results in a denial of access to courts, a violation of the Constitution is established. The Supreme Court gives the following examples of how a denial of access to an adequate law library can amount to an denial of access to courts:

> [The inmate] might show, for example, that a complaint he
> prepared was dismissed for failure to satisfy some technical
> requirement which, because of deficiencies in the prison's legal
> assistance facilities, he could not have known. Or that he had
> suffered arguably actionable harm that he wished to bring before
> the courts, but was so stymied by inadequacies of the law library
> that he was unable to even file a complaint.

Id. at 351.
At the time petitioner's conviction and sentence became final for purposes of § 2244(d)(1)(A), petitioner was not experiencing a violation of his Constitutional right to access to courts because he had not yet even developed an "arguably actionable" claim to bring before this or any court. Without actually having an arguably actionable claim, or, more generally, without having yet suffered any actual injury as a result of denial of access to the law library, he could not have been denied access to courts in the Constitutional sense. This being the case, the limitations period applicable to this action commenced under § 2244(d)(1)(A) on July 28, 2008.

lest the exception swallow the rule." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

        Essentially, petitioner asserts he did not file his habeas petition before the limitations period expired because he was not aware of the steps necessary to file a petition. He claims he wrote to his trial attorney during the limitations period requesting information on how he could challenge his plea, but his attorney never responded. Decl. at 2. He asserts he repeatedly attempted to gain physical access to his prison's law library but was denied because of lockdowns and disciplinary action taken against petitioner.[3] Decl. at 1-5. Petitioner was informed by law library staff that he could be provided with legal materials in his cell. However, when petitioner requested forms he could file to challenge his conviction, he was told by law library staff that staff could not give him legal advice. Petitioner claims it was not until after he visited the law library in September, 2010 that he finally learned how to challenge his plea in state court, which would be the first step to filing here since petitioner must exhaust state court remedies before coming to federal court.

        While law library staff and petitioner's trial counsel could have been more helpful, petitioner has not established their actions prevented petitioner from filing on time. Petitioner does not indicate whether: 1) he sought guidance directly from a state or federal court; 2) he ever attempted to hire counsel, have counsel appointed for him or request that counsel represent him pro bono; 3) he sought help from family or friends outside of prison; or 4) he sought help from other inmates. Essentially, petitioner claims he could not file on time because he did not have access to the relevant law. But, this court cannot base a finding that petitioner was prevented from accessing the relevant law based on the steps he did take.

        Also, in his declaration, petitioner admits that on February 10, 2009 he was transferred to the "Security Housing Unit" (SHU) at High Desert State Prison as punishment for

---

[3] Under Cal. Code Regs. tit. 15 § 3123(c)(2), an inmate can be denied physical access to a prison law library if the inmate is on "lockdown" or a "modified program."

"leading a disturbance, riot or strike." Decl. at 3-4 & Attach. 2. He was released on January 11, 2010. Petitioner does not allege that he did not commit the offense of "leading a disturbance, riot or strike" or that the punishment he received for that was improper in any respect. Petitioner alleges that while he was in the SHU he repeatedly requested access to the prison's law library but was denied because of his housing assignment. When petitioner was placed in the SHU because he had broken state law, five months of the limitations period remained. That being the case, the court cannot find that petitioner's failure to file a timely habeas petition was based on circumstances beyond his control. Had he not violated the law, it is possible he could have filed on time. See Werby v. Belleque, No. 08-1381-PK, 2010 WL 6001576, at * 4 (D. Or. December 14, 2010) (consequences of inmate's unlawful behavior while in prison not extraordinary circumstances beyond their control).

      As for diligence, the court again points to the fact that petitioner did relatively little to seek assistance apart from the prison law library, or explain to this court why he could not, in order to learn how he could challenge his "no contest" plea and sentence. The court is not suggesting that petitioner had to take all of the steps described above to show that he was reasonably diligent[4] in attempting to get his habeas petition on file. But, petitioner had to do more than write a single letter to the attorney who represented him at trial.

      Finally, while it is not clear, the court assumes petitioner discovered the three remaining claims before this court sometime between May of 2011, when petitioner filed his petition for collateral relief in the California Court of Appeal and October of that year when he filed a petition in the California Supreme Court because the claims remaining in this action were only submitted to the California Supreme Court. Resp't's Lodged Docs. #2, 4 & 6. Petitioner fails to explain why it took him approximately one year after he had first been granted physical access to a law library to discover his claims and present them to the California Supreme Court

---

    [4] Level of diligence required to establish entitlement to equitable tolling is "reasonable diligence" not "maximum feasible diligence." Holland, 130 S. Ct. at 2565.

(which, again, petitioner must do before obtaining relief here).  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971).

For all of the foregoing reasons, petitioner's remaining three claims are time-barred and should be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 8) be granted;

2. Petitioner's application for writ of habeas corpus be dismissed; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 4, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1 - seam1437.157(1)